# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**JIKINTE MORRIS,**

       Petitioner,

v.                                          Case No. 1:14-cv-26283

**BART MASTERS, Warden,**
**FCI McDowell,**

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On September 30, 2014, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner is currently serving a 78-month term of imprisonment, imposed on December 18, 2012, by the United States District Court for the Middle District of Tennessee for Distribution and Possession with Intent to Distribute Cocaine Base (*United States v. Morris*, Case No. 1:12-cr-00001-1 (M.D. Tenn.), ECF No. 14, Attach. 5, Judgment

---

[1] This information is taken from Respondent's Response to the undersigned's Order to Show Cause (ECF No. 14) and its attachments and the Declaration of Grace Woods-Coleman, which was inadvertently omitted as an attachment to the Response, but which has been supplemented by Respondent (ECF No. 15).

in a Criminal Case; ECF No. 15, ¶ 8). Petitioner has filed this petition for a writ of habeas corpus seeking prior custody credit for the time periods from April 16, 2011 to December 7, 2011, and from March 28, 2012 to December 18, 2012. An explanation of the procedural history of Petitioner's criminal cases will be helpful.

On November 21, 2005, Petitioner received an 11-year sentence in Bedford County, Tennessee (Case No. 15828).[2] (ECF No. 14 at 2 and Attach. 6; ECF No. 15, ¶ 2). He was released on parole on June 19, 2008. (*Id.*) On April 16, 2011, Petitioner was arrested by authorities in Marshall County, Tennessee for possession of a controlled substance, but was released to the community the following day. (ECF No. 14 at 2 and Attach. 1, Detailed Release Report; ECF No. 15, ¶¶ 3-4). On September 27, 2011, Petitioner was again arrested by Marshall County, Tennessee authorities on additional drug charges and was released that same day. (ECF No. 14 at 2 and Attach. 2, Detailed Release Report; ECF No. 15, ¶ 5). On December 7, 2011, Petitioner was again arrested by Marshall County, Tennessee authorities on a parole violation, and he was held in state custody on those charges. (ECF No. 14 at 2 and Attach. 3, Detailed Release Report; ECF No. 15, ¶¶ 6, 13).

On March 1, 2012, Petitioner was indicted on various drug charges in the United States District Court for the Middle District of Tennessee. (*United States v. Morris*, Case No. 1:12-cr-00001-1, ECF No. 1). On March 28, 2012, Petitioner was borrowed by federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, to answer to his federal charges. It appears that Petitioner remained in federal custody on that writ through his federal sentencing proceeding. (ECF No. 14, Attach. 4, United States

---

[2] The documentation submitted by the parties does not indicate the basis of Petitioner's state court conviction that led to this sentence.

Marshals Service Prisoner Tracking System Individual Custody and Detention Report USM 129).

On December 18, 2012, the United States District Court for the Middle District of Tennessee imposed the 78-month sentence discussed above, ordering such sentence to run concurrently with his state sentence imposed in Bedford County Case No. 15828. (ECF No. 14 at 3 and Attach. 5; ECF No. 15, ¶ 8). Petitioner's Judgment also recommended that Petitioner "receive credit for time served in federal custody from 4/16/11 through 12/7/11." (ECF No. 14, Attach. 5).

On December 21, 2012, Petitioner was returned to state custody and his federal judgment was lodged as a detainer. (ECF No. 14 at 3 and Attach. 4; ECF No. 15, ¶ 9). On January 2, 2013, the Federal Bureau of Prisons ("BOP") designated the state facility where Petitioner was incarcerated as the facility for service of his federal sentence (a "*nunc pro tunc* designation"). (ECF No. 1 at 13).

On October 31, 2013, Petitioner was paroled and was taken into federal custody to continue service of his federal sentence. (ECF No. 14 at 3 and Attach. 4 and 6; ECF No. 15, ¶ 11). The BOP completed a sentence computation, which commenced Petitioner's federal sentence on December 18, 2012, the date it was imposed.[3] Petitioner's current release date is August 13, 2017. He is presently housed at a Residential Reentry Center in or around Nashville, Tennessee.

Petitioner filed the instant section 2241 petition on September 30, 2014, raising the following grounds for relief:

1. BOP's calculation of petitioner's prea [sic; pre] sentence custody credits (4-16-2011 to 12-07-2011) and (3-28-2012 to 12-18-2012) fails

---

[3] It further appears that Petitioner received two days of custody credit from April 16, 2011 to April 17, 2011 and one day of custody credit for September 27, 2011, the dates he was arrested and held by state authorities on conduct that appears to be the basis for his subsequent federal charges. *See* 18 U.S.C. § 3585(b)(1).

3

> to account for the court's order that petitioner's federal and state sentences run concurrent.

2. BOP fails to correct the miscalculation of petitioner's [pre] sentence custody credits (4-16-2011 to 12-07-2011) and (3-28-2011 to 12-18-2012) as directed in prison files, including sentencing transcripts.

3. BOP refuses to grant prior custody credit when petitioner's federal and state sentences run concurrent and federal sentence full term release date is greater than the state sentence full term release date.

4. BOP is indifferent to approximately (18) months prior custody credits from (4-16-2011 to 12-07-2011) and (3-28-2012 to 12-18-2012).

(ECF No. 1).

On October 14, 2016, the undersigned issued an Order to Show Cause (ECF No. 9) directing Respondent to file a response to Petitioner's section 2241 petition. On December 14, 2016, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief. (ECF No. 14). Petitioner did not file a Reply.

## ANALYSIS

As noted by Respondent, following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). (ECF No. 14 at 3). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 6 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

Under certain circumstances, however, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commence while the prisoner is in state custody. *See United States v. Evans*, 159 F.3d 908, 911-912 (4th Cir. 1998) (a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons (BOP) agree to designate the state facility for service of that federal sentence.") This process is known as a "*nunc pro tunc* designation." In accordance with the District Court's intention that Petitioner's federal sentence run concurrent to his state sentence, Petitioner received such a designation. Nevertheless, an inmate's federal sentence cannot commence prior to its imposition. Consequently, while Petitioner is entitled to have his federal sentence run from the date it was imposed on December 18, 2012, he is not entitled to any other custody credit prior to that date.

Petitioner seeks credit for time periods that pre-date the imposition of his federal sentence and which have been credited to his state sentence, which is improper under 18 U.S.C. § 3585. In particular, Petitioner seeks credit for the period between April 16, 2011,

when he was first arrested by state authorities for possession of a controlled substance while he was on parole, until December 7, 2011, when he was arrested and held in state custody on a parole violation warrant. Not only was Petitioner not held "in custody" for that entire period, with the exception of the three days of credit for April 16, 2011, April 17, 2011 and September 27, 2011 (*see* ECF No. 14 at 41), the time that Petitioner was held in custody has been credited to his state sentence.[4] Accordingly, there is no basis for any additional credit of that time to his federal sentence.

Petitioner also seeks credit for the period between March 28, 2012, when he was taken into federal custody on a writ of habeas corpus *ad prosequendum* to answer to his federal charges, and December 18, 2012, when he was sentenced by the federal court, and which is the date the BOP actually commenced running his federal sentence in its calculation. However, Petitioner is not entitled to any credit for this time period either. First, as noted above, this time period pre-dates Petitioner's sentencing. Thus, he is not entitled to credit thereon. Second, although Petitioner was held in the custody of the United States Marshals Service throughout that time period, he was still considered to be in primary state custody under the doctrine of primary jurisdiction.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . .

---

[4] Under BOP Policy Statement 5880.28, the BOP may disregard the District Court's <u>recommendation</u> that Petitioner receive prior custody credit for the time period between April 16, 2011 and December 7, 2011, if such credit is not authorized. *See* P.S. <u>5880.28 Sentence Computation Manual New Law/CCCA 1984 Page 1-27</u>, available at <u>www.bop.gov</u>. Respondent attached this policy statement to his Response. (ECF No. 14 at 35, Attach. 10).

> . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 * 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016).

Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017). Thus, the State of Tennessee had primary jurisdiction over Petitioner's custody and such custody was not relinquished during the time he was on loan to federal authorities between March 28, 2012 and December 18, 2012, and that time period was credited against his state sentence. Therefore, Petitioner is not entitled to credit of that time period to his federal sentence.

Moreover, to the extent that Petitioner asserts that he is entitled to any additional prior custody credit under Policy Statement 5880.28, he has not asserted a sufficient factual basis to demonstrate that any of the narrow exceptions to the rule against "double-counting" are applicable to his case.[5] Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of

---

[5] *See Willis v. United States*, 438 U.S. 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), which approved narrow exceptions to the rule against "double-counting" in 18 U.S.C. § 3585(b) that are now applied nationwide pursuant to Program Statement 5880.28. Although Ground Three of Petitioner's section 2241 petition generally asserts that he should receive additional custody credit because the full term release date of his federal sentence is greater than the full term release date of his state sentence, he has not provided a sufficient factual basis to demonstrate that either the *Willis* or *Kayfez* exceptions apply to his case.

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at the following address: Jikinte Morris #21151-075, RRM Nashville, 701 Broadway St., Suite 124, Nashville, TN 37203 and to transmit a copy to counsel of record.

May 17, 2017

Dwane L. Tinsley
United States Magistrate Judge